UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DIANA L.-C., <br><br> Petitioner, <br><br> v. <br><br> PANELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St Paul Field Office Immigration and Customs Enforcement, <br><br> Respondents. | Case No. 26-CV-319 (NEB/JFD) <br><br><br> ORDER ON <br> PETITION FOR <br> WRIT OF HABEAS CORPUS |

This matter is before the Court on petitioner Diana L.-C.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Diana L.-C. is a twenty-year-old citizen of Ecuador who has lived in the United States for more than two years. She is in the process of obtaining Special Immigrant Juvenile status.

Diana L.-C. was in a car with her brother (a nineteen-year-old citizen of Ecuador) her friend (a minor child and U.S. citizen), and their dog when Immigration and Customs Enforcement ("ICE") began following them. They were able to briefly call family members while they were being followed. The call was cut out as ICE arrested and took all three people into custody.

On January 14, Diana L.-C., her brother, and her friend filed a joint habeas action challenging their detention under 28 U.S.C. § 2241. The Court enjoined Respondents from moving Petitioner outside of Minnesota. (*See* Docket No. 26-293, ECF No. 4.). The Court then severed the original Petition so that each petitioner had a separate docket. The next day, ICE transferred Diana L.-C. to Texas. Respondents are "working to return [Diana L.-C.] to Minnesota." (ECF No. 5 at 2.)

Diana L.-C. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Diana L.-C. argues she has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because she has been living in the United States since she entered the country over two years ago, Diana L.-C. asserts that Section 1226, rather than Section 1225, applies. She therefore argues that she is entitled to release or a bond hearing and that her detention

under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

Respondents concede that the Court's decision in *R.E.* controls Diana L.-C.'s Petition. The Court has already concluded that petitioners similarly situated to Diana L.-C. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Diana L.-C. while she was entering the United States. Instead, she was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL

3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents make no argument that Diana L.-C.'s immigration status or any other circumstances changes the result. Respondents make no argument that Diana L.-C. has any criminal history or is a flight risk. Further, the Court ordered Respondents to provide affidavits and exhibits necessary to establish the lawfulness and correct duration of Diana L.C.'s detention—including any arrest warrant. Respondents did not provide any affidavits or exhibits.

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Diana L.-C. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, as required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(January 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Respondents failed to produce any warrant in response to the Court's order. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Diana L.-C.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D.

4

Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court will therefore order the immediate release of Diana L.-C.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b. ENJOINS Respondents from denying release or other relief on the basis that Petitioner is subject to mandatory detention under § 1225(b)(2);

    c. ORDERS Respondents to **immediately** return Petitioner to Minnesota and release Petitioner in Minnesota; and

    d. ORDERS Respondents to file a notice on the docket within **2 days** of release in Minnesota, confirming that the release has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 18, 2026                  BY THE COURT:
Time: 12:20 p.m.                           s/Nancy E. Brasel
                                                       Nancy E. Brasel
                                                       United States District Judge